10-5063-ag
Liu v. Holder

BIA
LaForest, IJ
A088 517 178

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:
>           JON O. NEWMAN,
>           ROSEMARY S. POOLER,
>           DENNY CHIN,
>                *Circuit Judges.*

_____

WENXIN LIU, a.k.a. WEN XING LIU,
>        *Petitioner,*

>        v.                                          10-5063-ag
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Russel J.E. Verby, Senior Litigation Counsel; Jennifer P. Levings, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wenxin Liu, a native and citizen of the People's Republic of China, seeks review of the November 18, 2010, order of the BIA affirming the November 21, 2008, decision of Immigration Judge ("IJ") Brigitte LaForest, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wenxin Liu*, No. A088 517 178 (B.I.A. Nov. 18, 2010), *aff'g* No. A088 517 178 (Immig. Ct. N.Y. City Nov. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as Liu's, governed by the amendments made to the Immigration and Nationality Act by

the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the IJ reasonably based her adverse credibility determination on Liu's disparate claims, the inconsistencies in his testimony, and the lack of convincing corroborative evidence.

Liu testified that several Chinese policemen arrested, confined, and beat him for seven days after finding him watching Falun Gong discs. Yet, as he admitted in his asylum application, he offered an entirely different, and false, claim during a credible fear interview, initially attesting that Chinese government officials beat him after he sought compensation from the government. Liu also

3

alleged that he practiced Falun Gong regularly in the United States, but when questioned as to why his friends refused to submit affidavits, he gave conflicting testimony as to whether his fellow Falun Gong practitioners had immigration status in the United States.

The IJ properly relied on these inconsistencies and lack of corroborative evidence to discredit Liu's explanation and find him not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 398-99 (2d Cir. 2005) (holding that where "immigration officials have been presented with two materially different asylum claims, it is entirely appropriate for a factfinder to rely on this evidence as a basis for determining whether a petitioner was actually persecuted in the manner asserted" (internal quotations omitted)); *Majidi v. Gonzales,* 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact finder to do so).

Given Liu's lack of credibility, the agency also reasonably declined to credit the dismissal letter and affidavits Liu submitted, particularly as the preparers were

4

not available for cross-examination. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence"). Although Liu argues that the IJ failed to consider the photographs of his Falun Gong practice, the IJ sufficiently acknowledged the photographs by accepting them into evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-75 (2d Cir. 2006); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). The totality of the circumstances therefore supports the agency's adverse credibility determination, and we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Furthermore, because the only evidence of a threat to Liu's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk